IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | CRIMINAL NO. ELH-19-0286 |
| WARDELL ROUNDHEART | * | |

### MEMORANDUM AND ORDER

Currently pending are Defendant's Motion for Review of Detention Order and/or Request for Temporary Release Due to Health and Safety Concerns (ECF Nos. 629 and 639-sealed; ECF No. 637-unsealed) ("Motion"), and Government's Response in Opposition to Defendant's Motion for Review of Detention Order (ECF No. 632-sealed; ECF No. 634-unsealed) ("Opposition"). For the reasons stated below, the Motion (ECF Nos. 629, 637 and 639) is denied.

A detention hearing was held in this case on July 11, 2019. After both parties were fully heard, I detailed my reasons for issuing a detention order on the record at the hearing and I issued an Order of Detention summarizing those reasons (ECF No. 218). Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened if the "judicial officer finds that information exists that was not known to the movant at the time of the [detention] hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Defendant argues that the COVID-19 Virus Pandemic constitutes changed circumstances warranting the defendant's release, particularly in light of the fact that he has a medical condition for which he needs a diagnostic test that he has not yet received. (ECF No. 629 at 2). In support of his motion, the defendant summarily asserts that there is a history of

deficiencies at Chesapeake Detention Center ("CDF"), the facility where he is detained, and that CDF is overcrowded. (Id. at 2-3). Even though the defendant has failed to present any specific argument regarding the conditions at CDF, the court agrees that § 3142(f) allows a reopening of the detention decision because concerns relating to the COVID-19 pandemic were not present at the time of the defendant's original detention hearing,

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic" and acknowledges that it can constitute new information warranting a reconsideration of a detention order. United States v. Martin, Crim. No. PWG-19-140-13, ECF No. 209 at 4 (D. Md. Mar. 17, 2020). Notwithstanding these circumstances, however, the decision whether to release an individual pending trial still requires an individualized assessment of the factors identified in the Bail Reform Act, 18 U.S.C. § 3142(g). Id. at 5. In that regard, I have reviewed the bases for my detention order, and I have reweighed the factors under the Bail Reform Act in light of the current public health emergency, the current COVID-19 situation at the facility where the defendant is being held, the defendant's existing medical condition, and the defendant's proposed conditions of release. The record in this case regarding the offenses charged and the defendant's background compel me to conclude that conditions of release cannot be fashioned to address community safety or risk of nonappearance, notwithstanding the potential risk of exposure to the virus that the defendant faces while detained. The court fully analyzed the § 3142(g) factors at defendant's detention hearing. As noted in the court's detention order, and detailed on the record at the hearing both by the government and the court, an analysis of these factors overwhelmingly supported a finding that detention was appropriate.

At the time of the defendant's detention hearing, he was charged in a Superseding Indictment with Possession with Intent to Distribute Controlled Dangerous Substances (fentanyl

2

and cocaine) in violation of 21 U.S.C. § 841(a)(1) and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (more than one kilogram of Heroin, more than 5 kilograms of cocaine, more than 280 grams of crack, and a detectable amount of fentanyl) in violation of  21 U.S.C. § 846 and §841.  The maximum penalty is life imprisonment.  At the time of the detention hearing, the government was entitled to the presumption in favor of detention pursuant to 18 U.S.C. § 3142(e), which presumption was supported by the record in this case.

The evidence supporting the charges against the defendant is overwhelming.  Wiretap evidence included calls involving the defendant discussing narcotics transactions.  One such intercept revealed that the defendant ordered four and half ounces of CDS for $4700.  In addition to the wiretaps, there was physical surveillance linking the defendant to the conspiracy.  Specifically, the defendant engaged with an undercover officer on two separate occasions.  On each occasion, the defendant directed  the officer to another individual who was to sell him heroin and/or crack, but instead sold him gel capsules containing tramadol and fentanyl, the latter of which is inherently dangerous.   The defendant's criminal record indicates that he is a recidivist.  He has three prior felony narcotics convictions (2009, 2010, 2013), an assault conviction (2007), a theft conviction (2005), and multiple narcotics possession convictions ( 1995, 3-1999, 2000, 2005).  According to the government, the defendant would qualify as a career offender if he were convicted.  (ECF No. 634 at 5-6).  In addition, the defendant has a history of poor adjustment to community supervision to include two prior revocations of probation and a history of FTAs.  All of these factors substantially supported, rather than rebutted, the presumption in favor of detention.  Based upon all of the above, the court concluded at the time of the detention hearing, by clear and convincing evidence pursuant

3

to § 3142, that there were no conditions of release which would reasonably assure the community's safety or the defendant's presence at trial. (ECF No. 218).

In his Motion, defendant argues that he should be released because that he has a medical condition for which he needs a diagnostic test that the medical staff at CDF has acknowledged he needs, but that he has not yet received. Therefore, defendant argues that he has not received adequate care for this serious medical issue while he has been incarcerated at CDF. Further, defendant also asserts, without citing to any authority, that "this serious medical condition makes him more susceptible to the ravages of COVID-19." Finally, defendant summarily asserts that COVID-19 presents a threat to the nation's prison population, there is a history of deficiencies at CDF, and that CDF is overcrowded. (ECF No. 629 at 2-3). As this court has previously noted, the public health emergency created by COVID-19 is a significant concern for all those in detention facilities during this global pandemic. The court is concerned for the defendant, and for all others both inside and outside of the detention facility. These concerns, however, do not constitute a basis upon which to release an individual who this court has determined poses a threat to the safety of the community or a risk of nonappearance unless the court concludes that the conditions at the detention facility coupled with the defendant's medical conditions warrant a reconsideration of that conclusion.

As to procedures in place at CDF, the government has proffered that comprehensive precautionary measures have been instituted at CDF to avoid a COVID-19 outbreak. (ECF No. 634 at 7-11). The defendant, on the other hand, has not made any specific allegations regarding the conditions at CDF or that any particular practices at CDF are insufficient to address the needs of detainees as it relates to the pandemic. Nor does the defendant's Motion mention that, as the court is aware, there have been very few positive cases of the virus at CDF. There is no evidence

of record from which the court can conclude that the conditions at CDF or its COVID-19 protocols are so inadequate as to warrant defendant's release.

Nor has defendant made any specific argument as to why his medical condition or the alleged failure to provide him with a recommended diagnostic procedure warrants his release. Indeed, the defendant's medical records clearly establish that he has received medical treatment while at CDF.[1]  Consequently, even if the court were to accept the defendant's unsupported allegation that his condition may expose him to an increased risk of complications if infected with the virus, that fact alone does not support a reconsideration of the defendant's detention order.  As noted by the government, the court has recently denied motions for release where detainees have claimed that they had medical conditions that made them uniquely vulnerable to COVID-19, but they have not established that those conditions warrant a reconsideration of an order of detention.  (ECF No. 634 at 1, App'x A).  The court has also considered the defendant's proposed conditions of release of home monitoring with a third party custodian, (ECF No. 629 at 3), and notes that those conditions are inadequate to address concerns regarding community safety or risk of nonappearance.  The court considers now, as it did at the time of defendant's detention hearing, whether any conditions of release are adequate to address danger to the community or risk of nonappearance.  As the court found at the detention hearing in this case, there are no conditions or combination of conditions which will reasonably assure the community's safety or the defendant's presence at trial or as otherwise required.  (ECF No. 218).

---

[1] If defendant believes that he has not received timely or adequate medical treatment at CDF, defense counsel should pursue these issues with the authorities at CDF and/or the United States Marshals Service.  If attempts to address these issues fail, defense counsel should bring the matter to the court's attention.

In conclusion, the defendant has not presented any new information that warrants a reconsideration of my Order of Detention in accordance with 18 U.S.C. § 3142(f).[2] Based upon the foregoing, the court concludes that the circumstances proffered by the defendant do not constitute a basis upon which to release an individual who the court has determined poses a threat to the safety of the community and a risk of nonappearance. Accordingly, Defendant's Motion (ECF Nos. 629, 637 and 639) is denied.

Date:  August 18, 2020  _____/s/_____
                        Beth P. Gesner
                        Chief United States Magistrate Judge

---

[2] Although the heading of the defendant's motion notes that he is seeking temporary release pursuant to 18 U.S.C. § 3142(i), the defendant has not offered any argument in support of that request. The court has considered release under that section in accordance with applicable law, and has determined that the defendant has not satisfied the "compelling reason" standard warranting his temporary release pursuant to §3142(i). The court notes that it has broadly employed the analysis suggested by the Fourth Circuit in United States v. Creek, No. 20-4251, Doc. 18 (4th Cir. Apr. 15, 2020) in considering COVID-19 based requests for temporary release under §3142(i), although the Creek order did not explicitly apply this analysis to other provisions of the Bail Reform Act. See United States v. Gallagher, SAG-19-479 (D. Md.), ECF No. 45 at 6-7.